IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ROBERT PARDUE**                                                                         **PLAINTIFF**

**V.**                                      **CIVIL ACTION NO. 1:14-CV-290-KS-MTP**

**JACKSON COUNTY, MISSISSIPPI,** *et al.*                           **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a Section 1983 case. Plaintiff alleges that Defendants violated his civil rights in a variety of ways related to an investigation of Plaintiff's alleged downloading and possession of child pornography. Plaintiff named the individual Defendants – former Sheriff Michael Byrd and Detective Hope Thornton – in both their individual and official capacities. They filed a Motion to Dismiss [14] Plaintiff's Section 1983 claims against them in their official capacities. For the reasons stated below, the Court **grants** the motion [14].

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do."

*PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

The individual Defendants argue that the Court should dismiss Plaintiff's Section 1983 claims against them in their official capacities.

> Claims under § 1983 may be brought against persons in their individual or official capacity, or against a governmental entity. Personal-capacity suits seek to impose liability upon a government official as an individual while official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent. Thus, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity.

*Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009) (punctuation and citations omitted). Defendants Byrd and Thornton argue, therefore, that Plaintiff's official-capacity claims against them should be dismissed as redundant because Jackson County, Mississippi, was also named as a Defendant.

When a plaintiff asserts official-capacity claims against a government official under Section 1983, "the real party in interest is the [government] entity." *Id.* at 395-96 (official capacity claims subsumed by claims against government entity). There is no advantage to Plaintiff, practical or otherwise, in retaining the Section 1983 official-capacity claims alongside the Section 1983 claims against the County. Furthermore, maintaining both sets of claims would needlessly clutter the record while "the real party in interest" is the County. *Goodman*, 571 F.3d at 396. Therefore, the Court

2

**grants** the individual Defendants' Motion to Dismiss [14] Plaintiff's Section 1983 official-capacity claims.[1]

SO ORDERED AND ADJUDGED this 13th day of November, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[1] *See Seibert v. Jackson County, Miss.*, No. 1:14-CV-188-KS-MTP, 2014 U.S. Dist. LEXIS 115182, at * (S.D. Miss. Aug. 19, 2014); *Winn v. New Orleans*, No. 12-1307, 2014 U.S. Dist. LEXIS 24365, at *5-*6 (E.D. La. Feb. 26, 2014); *Hall v. Robinson*, No. H-12-3474, 2013 U.S. Dist. LEXIS 105862, at *4 (S.D. Tex. July 29, 2013); *Hunt v. Allison*, No. 1:09-CV-131-HSO-JMR, 2010 U.S. Dist. LEXIS 114634, at *45-*46 (S.D. Miss. Sept. 2, 2010); *Amaya v. Westbrook*, No. 4:04-CV-775-Y, 2008 U.S. Dist. LEXIS 39628, at *5 (N.D. Tex. May 14, 2008); *Walton v. City of Milford*, No. 3:06-CV-2291-L, 2008 U.S. Dist. LEXIS 15560, at *15 (N.D. Tex. Feb. 28, 2008).