# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**ROBERT PARDUE**                                                                 **PLAINTIFF**

**V.**                                           **CIVIL ACTION NO. 1:14-CV-290-KS-MTP**

**JACKSON COUNTY, MISSISSIPPI,** *et al.*                                         **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants in part and denies in part** Defendants' Motion for Summary Judgment [24]. The Court **denies** Plaintiff's Motion to Strike [33] **as moot**. On or before **May 7, 2015**, Plaintiff may file an Amended Complaint which corrects the pleading deficiencies discussed below.

## I. BACKGROUND

Plaintiff alleges that Defendants violated his civil rights through a variety of actions related to an investigation of Plaintiff's alleged possession of child pornography. He asserted claims under 42 U.S.C. § 1983 and state law. The Court previously granted [20] the individual Defendants' Motion to Dismiss [14] Plaintiff's Section 1983 claims against them in their official capacities. Defendants then filed a Motion for Summary Judgment [24] as to Plaintiff's remaining claims, which is ripe for review.

## II. MOTION FOR SUMMARY JUDGMENT [24]

As this Court has previously noted, dispositive motions raising the issue of qualified immunity typically fall into two categories: Rule 12(b)(6) motions that challenge the sufficiency of the plaintiff's allegations to establish the deprivation of a clearly established constitutional right, or Rule 56 motions that focus on the

reasonableness of the defendant's actions or some other fact-intensive issue. *See, e.g. Stark v. Univ. of S. Miss.*, No. 2:13-CV-31-KS-MTP, 2013 U.S. Dist. LEXIS 145551, at *9-*14 (S.D. Miss. Oct. 8, 2013); *Watkins v. Hawley*, No. 4:12-CV-54-KS-MTP, 2013 U.S. Dist. LEXIS 93667, at *3-*4 (S.D. Miss. July 3, 2013); *Salcido v. Univ. of S. Miss.*, No. 2:11-CV-KS-MTP, 2013 U.S. Dist. LEXIS 75191, at *3 n. 1 (S.D. Miss. May 29, 2013). Although styled a Motion for Summary Judgment [24], Defendants' motion contains arguments rooted in both Rule 12(b)(6) and Rule 56. The Court will address Defendants' 12(b)(6) arguments, but, for reasons provided below, it declines to address their Rule 56 arguments.

### A.     *Rule 12(b)(6)*

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S.

662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

Additionally, "'[h]eightened pleading' is needed in qualified immunity cases. Heightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiffs' injury." *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999). Plaintiffs must "rest their complaint on more than conclusions alone and plead their case with precision and factual specificity." *Nunez v. Simms*, 341 F.3d 385, 388 (5th Cir. 2003). Phrased differently, a "plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Backe v. Leblanc*, 691 F.3d 645, 648 (5th Cir. 2012). The plaintiff must "speak to the factual particulars of the alleged actions, at least when those facts are known to the plaintiff and are not peculiarly within the knowledge of defendants." *Schultea v. Wood*, 47 F.3d 1427, 1432 (5th Cir. 1995).

1. *Malicious Prosecution*

Plaintiff asserted malicious prosecution claims under both state and federal law.[1] In Mississippi, the elements of malicious prosecution are: (1) the institution of a proceeding, (2) by or at the insistence of the defendant, (3) the termination of such

---

[1]The Court is uncertain whether Plaintiff conceded his malicious prosecution claims. At one point in his brief, he asked that he be permitted to "remove the references to 'malicious prosecution' . . . as it is misleading and does not clearly set forth the basis" of his claims. However, he then provided a few pages of argument ostensibly connected to a malicious prosecution claim.

proceedings in the plaintiff's favor, (4) malice in instituting the proceedings, (5) want of probable cause for the proceedings, and (6) the suffering of injury or damage as a result of the prosecution. *Condere Corp. v. Moon*, 880 So. 2d 1038, 1042 (Miss. 2004).

Defendants argue that Plaintiff alleged insufficient facts to support the fourth element: malice in instituting the proceedings. "Malice does not refer to mean or evil intent . . . . Rather, malice in the law of malicious prosecution is a term used in an artificial and legal sense. It connotes a prosecution instituted primarily for a purpose other than that of bringing an offender to justice." *Id.* at 1043. "The malice requirement may be satisfied by a finding of a sinister or improper purpose . . . ." *Trilogy Commc'ns, Inc. v. Times Fiber Commc'ns, Inc.*, 47 F. Supp. 2d 774, 781 (S.D. Miss. 1998). Malice can "also be inferred from a finding that the defendant acted in reckless disregard of the other person's rights," *Benjamin v. Hooper Electronic Supply Co.*, 568 So. 2d 1182, 1191 (Miss. 1990), and the "[a]bsence of probable cause for prosecution is circumstantial evidence of malice, although the converse is not necessarily so." *Royal Oil Co. v. Wells*, 500 So. 2d 439, 444 (Miss. 1986) (citation omitted).

Plaintiff alleged that Defendants arrested and charged him because they "were trying to increase arrests for possession of child pornography in order to win awards and publicity . . . ." That is a purpose "other than that of bringing an offender to justice." *Moon*, 880 So. 2d at 1043. Therefore, Plaintiff alleged sufficient facts to demonstrate malice in this context. *Cf. C & C Trucking Co. v. Smith*, 612 So. 2d 1092, 1100 (Miss. 1992) (where there was evidence that trucking company instituted embezzlement proceedings against driver just to get a load delivered, that was

4

sufficient to support jury finding of malice); *Strong v. Nicholson*, 580 So. 2d 1288, 1293-94 (Miss. 1991) (where defendants admitted that their sole purpose in instituting proceedings was to "get their stuff back," there was sufficient evidence to support a jury's finding of malice); *Alradai v. Riverhills Bank*, No. 5:06-CV-66-DCB-JMR, 2007 U.S. Dist. LEXIS 49214, at *7-*10 (S.D. Miss. July 5, 2007) (where there was evidence that defendant's subjective goal in instituting proceeding was to obtain an unjustified award, there was a factual dispute as to malice).

Defendants also argue that Plaintiff failed to allege that Defendant Byrd was involved in the acts constituting the alleged malicious prosecution, but Plaintiffs alleged that Defendant Thornton acted "at the direction of Sheriff Mike Byrd." That is sufficient to plead Byrd's involvement. *See Brown v. Kisner*, 6 So. 2d 611, 192 Miss. 746, 754 (Miss. 1942).

Plaintiff also asserted a malicious prosecution claim arising under federal law. Specifically, he claims that Defendants violated his "right to be free from malicious prosecution as guaranteed by the Fourth and Fourteenth Amendments," and he asserted claims under 42 U.S.C. §§ 1983 and 1985. The Fifth Circuit has noted:

> [T]he initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection – the Fourth Amendment if the accused is seized and arrested, for example, or other constitutionally secured rights if a case is further pursued. However, . . . a freestanding 42 U.S.C. § 1983 claim based solely on malicious prosecution [is] not viable. Rather, the claimant must allege that officials violated specific constitutional rights in connection with a malicious prosecution.

*Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citing

5

*Castellano v. Fragozo*, 352 F.3d 939, 942 (5th Cir. 2003)). Therefore, to the extent Plaintiff intended to assert a "freestanding 42 U.S.C. § 1983 claim based solely on malicious prosecution," that claim is dismissed. *Id.*

2. *Abuse of Process*

Plaintiff asserted abuse of process claims under both state and federal law. Although Defendants briefly addressed the elements of abuse of process under Mississippi law, they provided no argument as to whether Plaintiff had pleaded sufficient facts to satisfy those elements. Therefore, the Court denies Defendants' motion to dismiss with respect to Plaintiff's abuse of process claim under state law.

Plaintiff conceded, however, that the Fifth Circuit does not recognize a "freestanding right to be free from . . . abuse of process." *Cevallos v. Silva*, 541 F. App'x 390, 394 (5th Cir. 2013) (citing *Sisk v. Levings*, 868 F.2d 159, 161-62 (5th Cir. 1989)). Therefore, the Court grants Defendants' motion to dismiss as to any Section 1983 claim premised upon the violation of an alleged freestanding right to be free from abuse of process.

3. *Intentional Infliction of Emotional Distress*

Defendant argue that Plaintiff alleged insufficient facts to state a claim for intentional infliction of emotional distress. A plaintiff may recover on a claim for intentional infliction of emotional distress "[w]here there is something about the defendant's conduct which evokes outrage or revulsion, done intentionally . . . even though there has been no physical injury." *Bowden v. Young*, 120 So. 3d 971, 980 (Miss. 2013). The defendant's conduct "must be so outrageous in character, and so extreme

6

in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* Liability will not attach for mere insults, threats, indignities, petty oppression, annoyances, or other trivialities. *Funderburk v. Johnson*, 935 So. 2d 1084, 1100 (Miss. Ct. App. 2006).

As noted above, Plaintiff alleged sufficient facts to state a claim for malicious prosecution. This Court has previously noted that malicious prosecution may be sufficiently outrageous or extreme to constitute intentional infliction of emotional distress. *U-Save Auto Rental of Am., Inc. v. Miller*, No. 3:13-CV-127-LG-JMR, 2014 U.S. Dist. LEXIS 86486, at *7 (S.D. Miss. June 25, 2014) (citing *Perkins v. Wal-Mart Stores, Inc.*, 46 So. 3d 839, 848-49 (Miss. Ct. App. 2010)); *cf. Funderburk v. Johnson*, 935 So. 2d 1084, 1099-1100 (Miss. Ct. App. 2006) (where plaintiff failed to establish elements of malicious prosecution, she likewise failed to establish IIED). Therefore, the Court finds that Plaintiff alleged sufficient facts to state a plausible claim for intentional infliction of emotional distress.

4. *42 U.S.C. § 1985*

Plaintiff did not specify the section of 42 U.S.C. § 1985 from which his claims arise. However, the Court assumes that he did not intend to invoke Section 1985(1), which concerns conspiracies to prevent federal officers from performing their duties. *See* 42 U.S.C. § 1985(1). The remaining sections, 1985(2) and 1985(3), require "some racial, or . . . class-based, invidiously discriminatory animus behind the conspirator's action." *Bryant v. Military Dep't*, 597 F.3d 678, 687 (5th Cir. 2010). Plaintiff did not allege any facts indicating that Defendants were motivated by discriminatory animus.

7

In fact, he specifically alleged that they were motivated by a desire to garner awards and publicity. Therefore, the Court dismisses all of Plaintiff's claims arising under 42 U.S.C. § 1985 without prejudice.

5.   *42 U.S.C. § 1986*

In various sections of the Complaint, Plaintiff invokes 42 U.S.C. § 1986, which provides a cause of action against those who neglect or refuse to prevent wrongful acts committed pursuant to a Section 1985 conspiracy. *See* 42 U.S.C. § 1986. Therefore, "a valid § 1985 claim is a prerequisite to a § 1986 claim . . . ." *Bryan v. City of Madison*, 213 F.3d 267, 276 (5th Cir. 2000). Plaintiff failed to adequately plead a Section 1985 claim. Therefore, the Court dismisses all of Plaintiff's claims arising under 42 U.S.C. § 1986 without prejudice.

6.   *Failure to Train*

Plaintiff alleged that Defendant Byrd, "in his official and individual capacities, failed to adequately . . . train the deputies and other employees of the Jackson County Sheriff's Department in various aspects of law enforcement procedure and substance, including, but not limited to the lawful exercise of police power." Defendants argue that this allegation is not sufficient to state an inadequate training claim against Byrd.

"[F]or a supervisor to be liable for failure to train, the focus must be on the adequacy of the training program in relation to the tasks the particular officers must perform." *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009). Additionally, "for liability to attach based on an 'inadequate training' claim, a plaintiff must allege with specificity how a particular training program is defective." *Id.* Here, Plaintiff

8

provided no specific factual allegations regarding Defendants' alleged training program. Therefore, he failed to state a Section 1983 claim against Byrd for inadequate training. *Id.*

7. *Equal Protection*

To state an equal protection claim, Plaintiff must allege sufficient facts to demonstrate "that he received different treatment from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001). Plaintiff failed to allege any facts indicating that Defendants were motivated by discriminatory intent. Therefore, he failed to state an equal protection claim.

**B.    *Rule 56***

As previously noted, Defendants' motion contains arguments rooted in both Rule 12(b)(6) and Rule 56. In general, when a defendant asserts an immunity defense the "district court must first find that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Backe*, 691 F.3d at 648. "*After* the district court finds a plaintiff has so pled, if the court remains unable to rule on the immunity defense without further clarification of the facts, it may issue a discovery order narrowly tailored to uncover only those facts needed to rule on the immunity claim." *Id.* However, "qualified immunity is largely a fact-based issue and thus enmeshed with the merits of plaintiff's claims." *Roderick v. City of Gulfport*, 144 F. Supp. 2d 622, 635 (S.D. Miss. 2000); *see also Newman v. Guedry*, 703 F.3d 757, 762 (5th Cir. 2012) (objective reasonableness of a public official's actions assessed in light of

9

surrounding circumstances). Therefore, a qualified immunity determination will frequently encompass most, if not all, of the case's factual disputes.

For this reason, defendants frequently elect to reserve their fact-based qualified immunity arguments until after the completion of general discovery. *See, e.g.,* Agreed Motion for Order Regarding Rule 16, Immunity Defenses, and Discovery, *Payne v. Univ. of S. Miss.*, No. 1:12-CV-41-KS-MTP (S.D. Miss. Mar. 22, 2012), ECF No. 6. The Court encourages this practice, as it consistently yields more efficient case resolution. Furthermore, while qualified immunity was intended to shield defendants from the burdens of litigation, it does not shield them from discovery when there are genuine disputes of material fact which are relevant to the application of qualified immunity. *Behrens v. Pelletier*, 516 U.S. 299, 307-08, 116 S. Ct. 834, 133 L. Ed. 2d 773 (1996) (acknowledging that some qualified immunity arguments can only be resolved after discovery).[2]

All of Defendants' remaining arguments concern an alleged lack of evidence to support Plaintiff's claims. The key issue in most, if not all, of them appears to be

---

[2]*See also Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987) *(*"[Q]ualified immunity does not shield government officials from all discovery, but only from discovery which is either avoidable or overly broad."); *Roderick*, 144 F. Supp. 2d at 636 (court postponed determination of qualified immunity pending completion of discovery); *Montgomery v. Warren County*, 2011 U.S. Dist. LEXIS 148470, at *6 (S.D. Miss. Dec. 27, 2011) (plaintiff was not required to produce evidence to rebut defendants' invocation of qualified immunity prior to discovery); *Dean v. Walker*, 2009 U.S. Dist. LEXIS 117319, at *25-*26 (S.D. Miss. Dec. 15, 2009) (where record lacked sufficient facts to address the cause of an accident and the defendant's state of mind at the time of an accident, court declined to address qualified immunity until after discovery).

whether Defendants had probable cause to search Plaintiff's home and arrest him. "Probable cause exists when the totality of facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *United States v. Levine*, 80 F.3d 129, 132 (5th Cir. 1996); *see also United States v. Muniz-Melchor*, 894 F.2d 1430, 1439 n. 9 (5th Cir. 1990). Determination of probable cause is a mixed question of law and fact. *United States v. Tompkins*, 130 F.3d 117, 120 (5th Cir. 1997). If the facts are not in dispute, "the ultimate determination of whether there is probable cause for the arrest is a question of law" for the Court. *United States v. Ramirez*, 145 F.3d 345, 352 (5th Cir. 1998). However, if facts relevant to the probable cause determination are in dispute, the threshold fact questions must be settled before the Court can address the existence of probable cause. *See Mesa v. Prejean*, 543 F.3d 264, 272-73 (5th Cir. 2008).

The Court is unable to address Defendants' Rule 56 arguments – particularly those concerning the existence of probable cause for the subject search and arrest – without further clarification of the facts. Therefore, it denies all remaining aspects of Defendants' Motion for Summary Judgment [24] without prejudice. *See Backe*, 691 F.3d at 648. Defendants may file another motion for summary judgment after the parties have conducted sufficient discovery.

As for the scope of discovery, the "totality of facts and circumstances within a police officer's knowledge at the moment of arrest" are relevant to a determination of probable cause. *Levine*, 80 F.3d at 132. Also, Defendants' argued that their actions

11

were objectively reasonable, an assessment which must be made in light of surrounding circumstances. *Newman*, 703 F.3d at 762. The undersigned judge believes it prudent to allow the Magistrate Judge to develop a discovery plan with the parties' input at the Case Management Conference, rather than attempt to draw discovery boundaries based on the pleadings alone.

### III. MOTION TO STRIKE

The Court did not consider the disputed exhibits in addressing Defendant's Motion for Summary Judgment [24]. Therefore, it **denies** Plaintiff's Motion to Strike [33] **as moot**.

### IV. CONCLUSION

For the reasons stated above, the Court **grants in part and denies in part** Defendant's Motion for Summary Judgment [24]. The Court grants the motion with respect to Plaintiff's Section 1983 claims for malicious prosecution, abuse of process, Defendant Byrd's alleged failure to adequately train his employees, and Defendants' alleged violation of Plaintiff's right to equal protection under the law. The Court also grants the motion as to Plaintiff's claims under 42 U.S.C. §§ 1985 and 1986. The Court denies the motion in all other respects.

The Court frequently allows plaintiffs to amend their complaint and correct pleading deficiencies. *See, e.g. Hattiesburg v. Hercules, Inc.*, No. 2:13-CV-208-KS-MTP, 2014 U.S. Dist. LEXIS 40993, at *15 (S.D. Miss. Mar. 27, 2014); *Sanford v. TIAA-CREF Individual & Inst. Servs., LLC*, No. 2:11-CV-122-KS-MTP, 2012 U.S. Dist. LEXIS 23600, at *10 (S.D. Miss. Feb. 24, 2012); *Bryant v. Holder*, No. 2:10-CV-76-KS-

MTP, 2011 U.S. Dist. LEXIS 23975, at *39-*40 (S.D. Miss. Feb. 3, 2011). It shall do the same here. On or before **May 7, 2015**, Plaintiff may file an Amended Complaint that corrects any pleading deficiencies discussed above.

SO ORDERED AND ADJUDGED this 23rd day of April, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE